STATE OF VERMONT
SUPERIOR COURT — ENVIRONMENTAL DIVISION

|  |  |  |
|---|---|---|
| **SECRETARY, VERMONT AGENCY** | } | |
| **OF NATURAL RESOURCES,** | } | |
| Plaintiff, | } | |
|  | } | **Docket No. 161-10-11 Vtec** |
| v. | } | **(ANR environmental enforcement)** |
|  | } | |
| **BERTON FRYE AND** | } | |
| **VIRGINIA FRYE,** | } | |
| Respondents | } | |
|  | } | |

## AMENDED JUDGMENT ORDER[1]

On August 26, 2011, the Secretary of the Vermont Agency of Natural Resources (Agency) issued an Administrative Order (the AO) to Berton Frye and Virginia Frye (Respondents). The AO alleged two violations of environmental law occurring on property jointly owned by the Respondents off of U.S. Route 2 in Danville, Vermont. First, the AO alleged that the Respondents had failed to submit monthly discharge monitoring reports, as required by their Discharge Permit (Permit #3-1533). Second, the AO alleged that Respondents were in violation of 10 V.S.A. § 1082 because they failed to obtain an impoundment permit for the damming of more than 500,000 cubic feet of water. Respondents and their assigns operate a sand, gravel, and rock quarry on the subject property that is known as the Frye Quarry.

Respondents timely requested a hearing on the AO. The Court conducted a site visit and a one-day merits hearing on September 5, 2012. At the end of the proceedings, the Court took a brief recess to complete its deliberations, after which it rendered its Findings of Fact and Conclusions of Law on the record. This Judgment Order memorializes the Court's order and decree and fulfills the statutory requirements of 10 V.S.A. § 8012(b) and (c).

For all of the reasons specifically stated on the record following the Court's deliberations, the Court finds as follows:

1. Pursuant to 10 V.S.A. § 8012(b), the Court hereby **AFFIRMS** the August 26, 2011 Administrative Order issued by the Agency in this matter against Respondents.

---

[1] This Amended Judgment Order is issued to address clarification questions raised by the Agency in its Motion to Reconsider/Clarify, filed on October 12, 2012. The only revisions are to paragraph 3(B), below. Footnote 4, below, has also been added for clarification.

2. Pursuant to 10 V.S.A. § 8012(b)(1), the following is a summary of the Court's Findings and Conclusions with respect to the violations, provided on the record at the conclusion of the merits hearing:

   A. Only Mr. Frye appeared at the site visit and hearing, although notice was provided to Mrs. Frye. Mr. Frye represented that his wife did not intend to appear and that he had the authority to speak on her behalf.

   B. The merits hearing revealed that much of the facts relevant to the Agency's claims against Respondents were uncontested. Respondents admit that they filed some, but not all of the reports required under their discharge permit. Respondents also do not dispute that they have impounded water in excess of 500,000 cubic feet without obtaining an impoundment permit. 10 V.S.A. § 1082.

   C. Especially in relation to the Agency's claim that Respondents failed to obtain an impoundment permit, our review of the claim was made more difficult because of the tremendous amount of time that the Agency allowed to elapse between notifying respondents of the need for an impoundment permit and the Agency's pursuit and prosecution of this claim.

   D. In the intervening time, quarrying operations were completed in the section of the Frye Quarry that is the subject of the AO. At the direction of state officials, and in an effort to defray and detain stormwater from travelling onto a neighbor's property, Respondents constructed a berm in the former quarry. After the berm was constructed, the former quarry began to collect water. At its current height, the berm appears to be capable of impounding in excess of 1,000,000 cubic feet of water; therefore, it requires an impoundment permit. See 10 V.S.A. § 1082 (requiring permits for impoundments capable of holding 500,000 cubic feet or more).

   E. Respondents also contributed to the significant time that has elapsed, not only by refusing to comply with the directive requiring them to obtain an impoundment permit, but also by refusing to obtain an Agency assessment of whether Respondents needed such a permit. The need to pursue one of these options was repeated to Respondents by Agency officials, engineers from the Agency's Department of Environmental Conservation, the Act 250 District Coordinator, and the District Commission. Despite receiving these directives, Respondents refused to apply for, or obtain, the required impoundment permit.

   F. The berm at the Frye Quarry is substantial and appears to be well built by Mr. Frye, who has years of experience building hundreds of ponds. The Frye berm has withstood twenty years of adverse weather conditions and appears to remain sound and without material breach. The berm was, however, constructed without the benefit of an engineer's planning or inspection; actual construction methods were not submitted to the Agency or this Court.

   G. If the Frye berm were to breach in a material way, it could cause significant harm to the health, safety, and welfare of the adjoining neighbors and the general public. Therefore, the need to establish a deterrent to prevent Respondents, or others, from repeating their non-compliance is strong.

H. There was no evidence presented that Respondents were previously non-compliant with permit conditions or Agency directives, other than their failures to comply as complained in this case.

I. The only evidence presented of actual Agency costs incurred as a consequence of Respondents' non-compliance totaled $599.00.

3. Pursuant to 10 V.S.A. § 8012(b)(2) and (3), the Court does hereby exercise its discretion and authority to modify Paragraphs A and B of the Order section of the August 26, 2011 Administrative Order as follows:

A. For the violations of Wastewater Discharge Permit #3-1533, Conditions I.B.2 and I.B.3, Respondents shall pay a penalty of **$500.00** no later than thirty (30) consecutive calendar days following the date that this Judgment Order becomes final.[2] Payment shall be made as directed in paragraph A of page 3 of the Administrative Order.

B. For the violation of 10 V.S.A. §§ 1082 and 1083, and after taking into consideration the enforcement and penalty provisions of 10 V.S.A. § 8010(b), especially the deterrent effect referenced in subsection 8010(b)(6), the Court directs that Respondents shall pay a penalty of **$6,599.00**[3] no later than thirty (30) consecutive calendar days following the date that this Judgment Order becomes final. Payment shall be made as directed in paragraph B of page 3 of the Administrative Order.

The Court has reduced by half the penalty imposed by the Agency for this non-compliance. We have done so to encourage Respondents to comply with their obligation to apply for and receive an impoundment permit. Therefore, in the event that Respondents fails to (1) apply for an impoundment permit by completing the tasks outlines in paragraphs E and F of the Administrative Order and (2) obtain an impoundment permit within **ONE YEAR**[4] from the date that this Judgment Order becomes final, the penalty imposed by this Judgment Order shall be increased to **$12,599.00**. Any remaining amount of this increased penalty that comes due shall be paid **IMMEDIATELY**.

4. All other provisions of the Agency's August 26, 2011 Administrative Order shall remain in full force and effect.

### Rights of Appeal (10 V.S.A. §§ 8012(c)(4) and (5))

**WARNING**: This Judgment Order will become final if no appeal is requested within 10 days of the date this Judgment Order is received. All parties to this proceeding have a right to

---

[2] See Notice of Appeal Rights, below.

[3] $599.00 of the penalty imposed is to reimburse the Agency for the costs that Agency witnesses testified to at hearing as having been incurred in responding to Respondents' non-compliance.

[4] This one year deadline, running from the date this Judgment Order becomes final, revises the deadline for obtaining an impoundment permit that is reflected in paragraph G of the Administrative Order. Other than this deadline date change, all other provisions of Administrative Order paragraphs E, F, and G remain in full force and effect.

appeal this Order. The procedures for requesting an appeal are found in the Vermont Rules of Appellate Procedure (V.R.A.P.), subject to the superseding provisions of the Vermont Rules for Environmental Court Proceedings (V.R.E.C.P.) 4(d)(6).

Within 10 days of receipt of this Order, any party seeking to file an appeal must file the notice of appeal with the Clerk of this Court, together with the applicable filing fee. Questions may be addressed to the Clerk of the Vermont Supreme Court, 111 State Street, Montpelier, VT 05609-0801, (802) 828-3276. An appeal to the Supreme Court operates as a stay of payment of a penalty, but does not stay any other aspect of an order issued by this Court. 10 V.S.A. §8013(d). A party may petition the Supreme Court for a stay under the provisions of V.R.C.P. 62 and V.R.A.P. 8.

Done at Newfane, Vermont this 3rd day of October, 2012.


_____

Thomas S. Durkin, Environmental Judge

4